UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
—————

|  |  |  |
|---|---|---|
| KENNETH DUANE GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-150 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| PATRICIA CARUSO, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.     Factual Allegations

Plaintiff Kenneth Duane Goodwin, an inmate at the Straits Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Parole Board Member James Quinlan, Parole Board Member Margie McNutt, and the Michigan Department of Corrections (MDOC) Parole Board.  Plaintiff alleges that he has been classified as having a "high probability" for parole.  On January 19, 2005, he had an interview with Defendant Quinlan, during which he discussed his parole plan and his accomplishments while incarcerated.  When Plaintiff was asked about his substance abuse, he stated that his "immaturity and substance abuse use [sic] may have been contributing factors in him committing his crime." However, Plaintiff states that he took full responsibility for his crime.  Plaintiff also expressed deep remorse regarding his crime.  Plaintiff's counselor was present during the interview.

On January 31, 2005, Plaintiff received notice that he was being denied parole because he failed to show remorse for his crime or concern for his victim, and because he blamed alcohol for committing the crime.  Plaintiff states that prior to his parole interview, he had submitted numerous letters to the Parole Board, which showed his remorse and concern.  On February 10, 2005, Plaintiff received a letter from the Parole Board indicating that the parole denial was based "mainly" upon Plaintiff's eleven felony convictions.  Plaintiff asserts that such a contention is clearly a mistake because he does not have eleven felony convictions.

Plaintiff states that the denial of parole violates his federal and state law rights. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

As noted above, Plaintiff in this case is complaining about the allegedly improper denial of parole. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3)

differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks monetary relief for alleged violations of his constitutional rights, his claims are appropriate under § 1983.  However, Plaintiff has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.  *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and had continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole.  *See Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000), *cert. denied*, 531 U.S. 1197 (2001); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  In unpublished decisions, the Sixth Circuit also has held

- 4 -

that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990).  Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).  Accordingly, Plaintiff has no liberty interest at stake.  Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.  *See Sweeton*, 27 F.3d at 1164-65.

Moreover, claims which challenge the denial or revocation of parole are not cognizable under § 1983 until the decision "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995).  "The principles espoused in *Heck* have been applied to § 1983 actions, like [Plaintiff's], challenging state parole decisions  in the absence of a previous decision by a state or federal tribunal declaring the decision invalid." *Bell v. Ohio Adult Parole Authority,* 01-3863, 2001 WL 1540412 (6th Cir. Nov. 30, 2001) (citations omitted); *see Hill v. Ghee,* 01-3680, 2002 WL 449861 (6th Cir. Mar. 21, 2002); *Ward v. Engler,* 00-1867, 00-1948, 2001 WL 278683 (6th Cir. Mar. 13, 2001).  Allowing Plaintiff's § 1983

claim for money damages would imply that his continued imprisonment and the parole board's decision were invalid. *See Bell,* 2001 WL 1540412, at *2; *Hill,* 2002 WL 449861, at *2; *Ward,* 2001 WL 278683, at *1. Plaintiff has not demonstrated the invalidity of his parole denial by either a state or federal habeas corpus decision. Therefore, Plaintiff fails to present a cognizable federal claim.

In addition, Plaintiff claims that the Parole Board relied on his substance abuse history in denying in parole in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a). Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, Plaintiff must show that he is a "qualified person," that he has a "disability," and that parole is a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as, with respect to an individual: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2). Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Assuming Plaintiff could make the required showing that his past history of substance abuse constituted a disability, neither the ADA nor the RA categorically bar a state parole board from considering an inmate's disability in making an individualized assessment of the future

dangerousness of the inmate.  *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003).

Moreover, Plaintiff cannot bring a claim for monetary damages against the MDOC Parole Board or the individual defendants in their official capacities pursuant to the ADA and the RA.  A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71  (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  The Sixth Circuit has expressly ruled that the Eleventh Amendment bars a civil rights action to the extent that it relied on congressional enforcement of equal protection in non-employment ADA cases, although a due process claim of denial of participation in public services was not barred. *Popovich v. Cuyahoga Court of Common Pleas*, Nos. 98-4100, 98-4540, 2002 WL 23903 (6th Cir. Jan. 10, 2002) (en banc).  The Fifth Circuit has also held that Congress did not validly abrogate Eleventh Amendment immunity under Title II of the ADA and under the Rehabilitation Act for an action brought by prisoners regarding inadequate mental health services.  *See Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001).  Thus, Plaintiff's claims of discrimination, based on equal protection principles and against Defendant MDOC Parole Board and the individual defendants in their official capacities, are barred by Eleventh Amendment immunity.

Defendants Caruso, Quinlan, and McNutt are not proper defendants under the ADA and RA for claims against them in their individual capacities.  Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The RA similarly

provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . "  29 U.S.C. § 794.  Because individuals such as Caruso, Quinlan, and McNutt are not public entities providing programs or activities to which either the ADA or RA apply, they cannot be liable in their personal capacities under either Act.  *See Reickenbacker*, 274 F.3d at 975 n.9 (noting that plaintiffs withdrew their individual claims in the face of a statutory argument); *Key v. Grayson*, 163 F. Supp.2d 697, 715 (E.D. Mich. 2001) (following great weight of authority holding that individuals cannot be liable under Title II of the ADA); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp.2d 543, 557 (D. N.J. 2000) (collecting decisions of the Eighth Circuit and various district courts holding that individuals cannot be liable under the ADA or RA).

Finally, to the extent that Plaintiff is claiming his state law rights were violated, this court will not exercise pendent jurisdiction over such claims.  Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration.  In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S.Ct. 1954 (1992).

> That power need not be exercised in  every case in which it is found to exist. It has consistently been recognized  that pendent jurisdiction is a doctrine of discretion, not of plaintiff's  right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound  to apply state law to them,  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct.

817, 82 L. Ed. 1188.  Needless decisions of state law should be
avoided both as  a matter of comity and to promote justice between
the parties, by procuring for  them a surer-footed reading of
applicable law.  Certainly, if the federal claims are dismissed before
trial, even though not insubstantial in a jurisdictional sense, the state
claims should be dismissed as well.  Similarly, if it appears that the
state issues substantially predominate, whether in terms of proof, of
the scope of the issues raised, or of the  comprehensiveness of the
remedy sought, the state claims may be dismissed without prejudice
and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966).

## <u>Conclusion</u>

Having conducted the review now required by the Prison Litigation Reform Act, the

court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  July 15, 2005                              /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE